```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/30/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILLIAM CARRERAS,

                                  Plaintiff,

           -against-

MODESTO FONTANEZ,

                                  Defendant.

1:20-cv-5765 (MKV)

**OPINION AND ORDER
GRANTING MOTION TO
DISMISS**

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff William Carreras alleges that Defendant Modesto Fontanez sexually abused him in Puerto Rico decades ago. Mr. Fontanez moves to dismiss this lawsuit for failure to state a claim upon which relief can be granted. For the reasons that follow, the Court grants the motion.

## FACTUAL AND PROCEDURAL BACKGROUND

      The following facts are taken from the Second Amended Complaint [ECF No. 33] ("SAC"), the fact section of which is a mere six paragraphs long. Plaintiff's allegations are accepted as true for purposes of this motion, and all reasonable inferences are drawn in his favor. *See Lynch v. City of New York*, 952 F.3d 67, 74-75 (2d Cir. 2020). The allegations are construed in the light most favorable to Plaintiff as the non-moving party. *Id.*

      Modesto Fontanez sexually abused William Carreras. SAC ¶ 7. The abuse began when Mr. Carreras was five years old and continued for two years, from 1968 to 1970. SAC ¶ 7. Mr. Fontanez would openly masturbate in front of Mr. Carreras, fondle him, and force Mr. Carreras to shower with him. SAC ¶¶ 8-10. The acts of abuse "all occurred in Puerto Rico." SAC ¶ 11. As a result of the abuse, Mr. Carreras has suffered "severe and permanent emotional distress" and "great pain of mind and body." SAC ¶ 12. Mr. Carreras seeks punitive damages against Mr.

1

Fontanez under theories of assault, battery, false imprisonment, and negligent and intentional infliction of emotional distress. SAC at 4-8.

Plaintiff initiated this action in July 2020. [ECF No. 1]. Following service, and the Defendant's failure to appear, Plaintiff moved for default judgment. [ECF No. 11]. The Court held a hearing on the motion, during which it identified numerous issues with the then-operative complaint, including that it contained insufficient allegations of jurisdiction and venue; was filed under a pseudonym without leave of the Court; and contained no allegations stating an identifiable cause of action, but merely invoked the New York statute reviving stale abuse claims. [ECF No. 19]. The Court denied the motion for default judgment, and granted Plaintiff leave to amend his complaint. [ECF No. 18]. Thereafter, Plaintiff filed an amended complaint. [ECF No. 26].

After he was served with the amended complaint, Defendant appeared and sought leave to file a motion to dismiss this action. [ECF No. 29]. The Court granted Defendant leave to move to dismiss, and directed Plaintiff to file a letter if he intended to further amend his complaint in light of the arguments made in the pre-motion letter. [ECF No. 31] (noting that "[t]his will be Plaintiff's last opportunity to amend his pleading in response to arguments raised in Defendant's pre-motion letter"). Plaintiff thereafter elected to amend his complaint for a second time, and filed the operative Second Amended Complaint. Pending before the Court is Defendant's motion to dismiss [ECF No. 34] under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In support of his motion, Defendant has filed a memorandum of law. [ECF No. 36] ("Mem."). Plaintiff has filed an opposition to the motion [ECF No. 37] ("Opp."), to which Defendant replied. [ECF No. 39] ("Reply").

## **LEGAL STANDARD**

To withstand dismissal for failure to state a claim pursuant to Rule 12(b)(6), a pleading "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the plausibility standard is "not akin to a 'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. In deciding a motion to dismiss under Rule 12(b)(6), a court must accept factual allegations as true and construe all reasonable inferences in the plaintiff's favor. *ECA, Local 134 IBEW Joint Pension Tr. of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 196 (2d Cir. 2009). The Court, however, does not accept as true "legal conclusions" contained in a complaint. *Iqbal*, 556 U.S. 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim upon which relief can be granted. *Id.*

## **DISCUSSION**

Plaintiff's claims are predicated on the New York Child Victims Act (the "CVA"). As the Court discussed with Plaintiff's counsel at the hearing on his default judgment motion, the CVA did not create a cause of action. [ECF No. 19]. Rather, it opened a window for bringing expired civil actions involving sexual abuse of minors. N.Y. C.P.L.R. § 214-g. Plaintiff acknowledges that, without the CVA, his claims would not be timely. *See* SAC ¶ 4. The CVA provides, in relevant part, that

> Notwithstanding any provision of law which imposes a period of limitation to the contrary . . . every civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the

3

>  penal law committed against a child less than eighteen years of age, incest as defined in section 255.27, 255.26 or 255.25 of the penal law committed against a child less than eighteen years of age, or the use of a child in a sexual performance as defined in section 263.05 of the penal law . . . which is barred as of the effective date of this section . . . is hereby revived . . . .

Defendant argues that the CVA does not apply to conduct that occurred outside New York state, Mem. at 4; Reply at 4, and that Plaintiff's claims are time-barred by New York's statute of limitations borrowing statute, Mem. at 6, Reply at 8. Plaintiff contends that a plain reading of the CVA "suggests it does not require the conduct to have occurred in New York," Opp. at 2, and that the CVA bars the application of New York's borrowing statute, Opp. at 3.[1] The Court agrees with Defendant that the CVA does not apply to revive Plaintiff's claims in this case, and that New York's borrowing statute operates to bar Plaintiff's claims.

### I. THE CVA DOES NOT APPLY TO PLAINTIFF'S CLAIMS OF ABUSE THAT OCCURRED IN PUERTO RICO

Unless expressly indicated otherwise, a New York statute[2] does not apply outside the state. *See Global Reinsurance Corp. U.S. Branch v. Equitas Ltd.*, 18 NY3d 722, 969 N.E.2d 187, 946 N.Y.S.2d 71 (2012); *Goshen v. Mut. Life Ins. Co.*, 286 A.D.2d 229, 230, 730 N.Y.S.2d 46 (1st Dept. 2001) ("No legislation is presumed to be intended to operate outside the territorial

---

[1] In his opposition, Plaintiff also objects to Defendant's references to him as a felon and "con-man," complains that the "papers are laden with salacious and inflammatory rhetoric aimed at Plaintiff," and "respectfully requests that the defamatory (and irrelevant) language be stricken from the public record." Opp. at 1-2. The First Amendment and the common law establish a strong presumption of public access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Moreover, the Second Circuit has long instructed courts "not [to] tamper with the pleadings unless there is a strong reason for so doing." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976). The falsity of allegations is not sufficient. *See Acco, Ltd. v. Rich Kids Jean Corp.*, No. 15-cv-7425 (JSR), 2016 U.S. Dist. LEXIS 51680, 2016 WL 3144053, at *3 (S.D.N.Y. Apr. 11, 2016). Rather, Plaintiff must show that failing to strike the pleading "would result in prejudice." *Roe v. City of New York*, 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001). Defendant's references to Plaintiff's felony conviction, Mem. at 1, does not result in prejudice that warrants the Court striking the pleading.

[2] This matter is before the Court by virtue of its diversity jurisdiction. SAC ¶¶ 2, 5-6. Both Parties' briefing assumes that New York law applies to this action. *See* Mem. at 8 (citing New York cases and law); Opp. at 3-4 (same). The Court, sitting in diversity, applies the laws of New York to this dispute. *See Clarex Ltd. v. Natixis Sec. Am. LLC*, 2013 WL 2631043, at *2 (S.D.N.Y. June 11, 2013) ("Where the parties' briefs assume that New York law controls . . . such implied consent . . . is sufficient to establish choice of law.") (internal quotation marks omitted).

jurisdiction of the state enacting it") *aff'd*, 98 NY2d 314, 774 N.E.2d 1190, 746 N.Y.S.2d 858 (2002).  That is especially the case where criminal laws are implicated, because a "state only has power to enact and enforce criminal laws within its territorial borders."  *People v. McLaughlin*, 80 NY2d 466, 471, 606 N.E.2d 1357, 591 N.Y.S.2d 966 (1992).

The CVA revives claims "which would constitute a sexual *offense*" as defined in the "penal law" under either Section 255.27, 255.26 or 255.25 or 263.05.  N.Y. C.P.L.R. § 214-g (emphasis added).  New York Penal Law § v.(1) defines "offense" as "conduct for which a sentence to a term of imprisonment or to a fine *is provided by any law of this state*."  New York Criminal Procedure Law Section 20.10(1), defines "this state" as "New York State as its boundaries are prescribed in the state law, and the space over it."  Based on the foregoing, the Court concludes that the plain language of the CVA means that it does not apply to conduct that occurred entirely outside of New York.  *See Holloway v. Holy See*, 537 F. Supp. 3d 502, 505 n.2 (S.D.N.Y. May 5, 2021) ("The CVA is clear that it relies on New York criminal law, which does not apply to conduct in Mississippi"); *id.* ("Claims arising pursuant to the CVA must be tied to an alleged violation of New York criminal law, and thus the CVA cannot revive claims where the alleged abuse occurred outside of New York"); *S.H. v. Diocese of Brooklyn*, No. 517999/2019, 2020 N.Y. Misc. LEXIS 4394, 2020 WL 4730433, at *3 (N.Y. Sup. Ct. Aug. 14, 2020) (CVA does not apply to extraterritorial conduct based on plain text and legislative history).  Because the CVA does not revive Plaintiff's claims (which he concedes otherwise would be untimely, SAC ¶ 4), the Second Amended Complaint fails to state a claim upon which relief can be granted.  *See Holloway*, 537 F. Supp. 3d at 5 n. 2.

## II.   PLAINTIFF'S CLAIMS ARE OTHERWISE TIME-BARRED

Even if the CVA applied to Plaintiff's wholly extraterritorial claims, this case must still be dismissed as time-barred.  Under New York Civil Practice Law and Rules Section 202, "[a]n

action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued."[3]

Plaintiff argues that because the CVA contains a clause that it shall apply "[n]otwithstanding any provision of law which imposes a period of limitation to the contrary," N.Y. C.P.L.R. § 214-g, it overrides New York's borrowing statute. Opp. at 3-4. The Court does not agree. It is settled law that a revival statute's application "notwithstanding any other provision of law" does not work to displace a borrowing statute. *Besser v. E.R. Squibb & Sons, Inc.*, 146 AD2d 107, 113, 539 N.Y.S.2d 734 (1st Dep't. 1989) ("It is a long-standing rule of statutory construction that a law will not be interpreted so as to modify preexisting law by implication") *aff'd*, 75 N.Y.2d 847, 552 N.E.2d 171, 552 N.Y.S.2d 923 (1990). Indeed, courts interpreting and applying the CVA have found that it does not displace New York's borrowing statute. *See Holloway*, 537 F. Supp. 3d at 507 n.4 ("[E]ven if the CVA were to apply to plaintiff's claim, Section 202 would require the Court to apply Mississippi's statute of limitations, and—as plaintiff herself acknowledges—her claim would be time-barred."); *S.H. v. Diocese of Brooklyn*, 2020 WL 4730433, at *5 ("Contrary to plaintiff's argument, the 'notwithstanding' clause found within the CVA does not override CPLR § 202.").

Because the CVA does not displace the borrowing statute, Plaintiff's claims are therefore subject to the shorter of New York or Puerto Rico's statute of limitations. *Holloway*, 537 F. Supp. 3d at 507 n.4 ("New York's borrowing statute, CPLR § 202, [] borrows the statute of

---

[3] An exception to the borrowing statute provides that New York's statute of limitations applies regardless of the locus of injury if "the cause of action accrued in favor of a resident of the state." N.Y. C.P.L.R. § 202; *Norex Petroleum Ltd.v Blavatnik*, 23 NY3d 665, 992 N.Y.S.2d 503, 16 N.E.3d 561 (2014). That exception does not apply here because Plaintiff is a California resident. SAC ¶ 2 ("Plaintiff is a resident, citizen, and domiciliary of the State of California.").

limitations of the jurisdiction where the claim arose, if shorter than New York's, to determine whether the action was timely filed."). "Puerto Rico's Civil Code provides that actions for obligations arising from fault or negligence prescribe one year from the moment the aggrieved person has knowledge of the injury; that is to say, the statute of limitations provides a one-year term for a tort action." *Bado-Santana v. Ford Motor Co.*, 283 F. Supp. 2d 520, 526 (D.P.R. 2003). In New York, the statute of limitations applicable to a sexual abuse claim is one-year, N.Y. C.P.L.R. 215(3), and the statute of limitations applicable to negligence claims is three-years. C.P.L.R. 214(5); *see also Shovah v. Roman Catholic Diocese of Albany*, 745 F.3d 30, 37 (2d Cir. 2014). The Court therefore concludes that, pursuant to New York Civil Practice Law and Rules Section 202, Plaintiff's claims are subject to the shorter one-year statute of limitation under Puerto Rico law.

The conduct underlying this action occurred more than fifty years ago, between 1968 and 1970. SAC ¶ 7. Thus, Plaintiff's time within which to assert a claim under Puerto Rico law has long since expired. Plaintiff does not contest that, absent the application of the CVA, his claims are untimely. *See* SAC ¶ 4. Accordingly, even if the Court determined that the CVA applies to this extraterritorial case—which it does not—the borrowing statute would require the Court to apply Puerto Rico's statute of limitations and Plaintiff's claims would be time-barred.

Because Plaintiff's claims fall outside Puerto Rico's statute of limitations, they fail to state a claim upon which relief can be granted and are dismissed.

## CONCLUSION

For the reasons stated herein, the Court GRANTS Defendant's Motion to Dismiss [ECF No. 34]. The Clerk of Court respectfully is requested to terminate the motion at ECF No. 34 and close the case.

**SO ORDERED.**

**Date:   March 30, 2022**
      **New York, NY**

*/s/ Mary Kay Vyskocil*
**MARY KAY VYSKOCIL**
**United States District Judge**